SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
ARLEEN FERNANDEZ (State Bar No. 318205)
  arleenfernandez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

JOHN A GOLDMARK (*pro hac vice*)
  johngoldmark@dwt.com
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

Attorneys for Defendant
RING LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDREWS, for Himself, as a Private Attorney General, and/or On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RING LLC,<br><br>Defendant. | Case No. 5:20-cv-00889-RGK-SP<br><br>**JOINT RULE 26(f) REPORT**<br><br>Assigned to the Hon. R. Gary Klausner<br><br>Action Filed: April 26, 2020 |

By and through their attorneys of record, the parties hereby submit this Joint Rule 26(f) Report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure, Central District Local Rule 26-1, and this Court's Initial Standing Order:

## I. STATEMENT OF THE CASE

*Plaintiff's Position:*  Plaintiff James Andrews brings this action individually on his own behalf as a deceived Ring LLC customer and as a private attorney general seeking an order for public injunctive relief to protect the general public, directing that the outside product packaging for Ring video doorbells and security cameras include prominent disclosures that the video recording, playback and snapshot features of the products will not function unless the purchaser also buys the Protect Plan from Ring for an additional fee of $3 per month or $30 per year per device. Plaintiff also brings this action as a representative plaintiff on behalf of classes of consumers who purchased Ring products from brick and mortar stores in the United States and California where the outside boxes of the products did not include such disclosures, seeking, among other things, that Defendant be ordered to disgorge all revenues Defendant has unjustly received from the members of the classes. Plaintiff also seeks an order requiring Defendant to offer Plaintiff and class members the ability to use the video recording, playback and snapshot features of their Ring products at no charge (*i.e.*, without the payment of any additional fee) for the life of those devices. Plaintiff brings these claims under California statutory authority and principles of equity including the Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*; the False Advertising Law, California Business & Professions Code § 17500 *et seq.*; and the Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*

*Defendant's Position:*  Defendant Ring LLC ("Ring") categorically denies Mr. Andrews's allegations and denies that it is liable to Mr. Andrews or any other theoretical absent class member.

1

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

As a threshold matter, for the reasons stated in Ring's Motion to Compel Arbitration and Stay Proceedings, filed on June 17, 2020, Mr. Andrews's claims are subject to mandatory individual arbitration under the applicable Terms of Service, and cannot proceed in this Court. For that reason, among others, Ring further denies that this case could or should be certified as a class action.

In any case, contrary to Mr. Andrews's allegations, Ring's conduct is neither deceptive nor misleading under California law. Ring believes Mr. Andrews cannot establish the merits of his individual claims, rendering his claims subject to early dismissal, pre-class certification. However, even if the case were to proceed to the class certification stage, Mr. Andrews's bid for class certification would likewise fail because, among other reasons, his proposed class is vastly overbroad and he will not be able to satisfy adequacy, commonality, predominance, or superiority. In particular, the claims of absent class members will implicate individualized factual and legal issues defeating adequacy, typicality, commonality and predominance (such as, among other things, whether purported class members agreed to arbitration). As a result, this Court should deny any class certification motion filed by Mr. Andrews.

## II. MATTERS DISCUSSED PURSUANT TO FRCP 26(F)

### A. Initial Disclosures [FRCP 26(f)(3)(A)]

The parties propose to exchange Rule 26(a) initial disclosures on or before July 30, 2020.

### B. Areas of Discovery [FRCP 26(f)(3)(B)]

*Plaintiff's Position:* Plaintiff believes discovery should begin as soon as possible and should not be bifurcated because Plaintiff is required to move for class certification on July 29, 2020. Plaintiff served his First Set of Request for Production of Documents on July 2, 2020. The parties conducted the Rule 26(f) telephone conference on July 16, 2020. Defendant's responses to this first set of requests for production are due August 15, 2020.

2

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff intends to timely file his Motion for Class Certification by July 29, 2020 pursuant to the Court's Standing Order dated April 28, 2020. Plaintiff anticipates seven principal categories of discovery: (1) ESI discovery, (2) Plaintiff's purchases, (3) Defendant's representations on its packaging of its products, (4) Defendant's Ring Protect Plan, (5) Defendant's policies regarding its retail sales and advertisements, (6) number of products sold at issue in the Amended Complaint, and (7) alleged damages. Defendants intend to conduct discovery on Plaintiff's alleged transactions and purchase history.

As for discovery, Plaintiffs submit that discovery should not be limited to certain issues or bifurcated in the manner which Defendant proposes. Rather, Plaintiff proposes that discovery should proceed on all issues immediately and simultaneously under the Federal Rules of Civil Procedure.

Plaintiff believes, consistent with the majority rule after the United States Supreme Court's 2011 opinion in *Wal-Mart v. Dukes*, 131 S. Ct. 2541 (U.S. 2011), that bifurcation of discovery in proposed class actions, like this case, into so-called "class" and "merits" issues decreases efficiency and complicates the orderly conduct of discovery.

The Central District of California squarely addressed this issue of bifurcated discovery in *Ahmed v. HSBC Bank, USA, N.A.,* 2018 U.S. Dist. Lexis 2286 finding bifurcation to be problematic in class actions. Specifically, the Ninth Circuit stated that:

> In light of *Dukes* and the "rigorous analysis" requirement for class certification, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299-300 (S.D.N.Y. 2012) (collecting cases). . . . For example, bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong incentive to withhold evidence even if such evidence "overlap[s] with the merits of the plaintiff's

3

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

underlying claim" or "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." See *Dukes*, 564 U.S. at 351, 131 S.Ct. at 2551-52; see, e.g., Tyus v. Wendy's of Las Vegas, Inc., 2017 U.S. Dist. LEXIS 110385, 2017 WL 3026403, *5 (D. Nev. 2017) ("Plaintiffs do not have the benefit of discovery into the merits of a case at the class certification stage and defendants frequently have withheld exactly the information needed to prove plaintiffs' case because it is common in putative class actions for defendants to seek 'bifurcated discovery' between class certification and merits issues, and this bifurcation results in a limited record at the class certification stage."); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 488 (C.D. Cal. 2012) ("Indeed, it is often easy for a defendant to paint a dismal picture of plaintiffs' prospects because, at the class certification stage, plaintiffs do not have the benefit of discovery into the merits of a case and defendants frequently have withheld exactly the information needed to prove plaintiffs' case.").

*Ahmed* at 9-10.

Nevertheless, during the Parties Rule 26(f) telephone conference conducted on July 16, 2020, Plaintiff's Counsel offered, as an amicable accommodation without prejudice during the period prior to this Court's order on class certification, to reduce the number of outstanding document requests to those tailored to class certification. Defendant rejected Plaintiff's offer to narrow the current document requests, and indicated that Defendant opposes *any* discovery whatsoever at this stage in the case.

***Defendant's Position:*** As set forth in Ring's Motion to Compel Arbitration and Stay Proceedings, if the Court does not conclude that Mr. Andrews assented to arbitration by purchasing and using Ring's products, Ring is entitled to discovery on the issue of whether Andrews separately assented to arbitration by creating an

4

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

account through the Ring mobile application. In particular, Ring anticipates deposing Mr. Andrews on, among other things, whether he downloaded and installed the Ring mobile application and whether he registered for a Ring account via the Ring mobile application.

     Mr. Andrews served Ring with 47 Requests for Production on July 2, 2020. With these Request, Mr. Andrews already seeks broad class-wide discovery regarding putative class members, which is entirely premature. As discussed above, Mr. Andrews's claims in this action are subject to a valid arbitration clause contained in the Terms of Service Mr. Andrews accepted. Courts routinely stay initial scheduling and discovery in cases pending resolution of a motion to compel arbitration. *Steiner v. Apple Computer, Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (explaining that staying the "initial scheduling obligations and discovery . . . is a common practice while motions to compel are pending"). Thus, the Court should immediately stay discovery (other than discovery on whether Mr. Andrews is bound to arbitrate his claims) and class certification deadlines in this action until after Ring's Motion to Compel Arbitration is resolved. Otherwise, the parties and Court would engage in potentially unnecessary parallel proceedings, undermining the parties' right to arbitrate, and wasting time and effort on superfluous discovery. *Steiner*, 2007 WL 4219388, at *1 ("[If] a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators. In the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent.").

     Even if the Court were inclined to set deadlines at this stage, Ring anticipates requesting that the Court bifurcate discovery so that discovery is limited to Mr. Andrews's individual claims and class certification issues until the Court rules on the class certification motion. As noted above, Mr. Andrews already seeks broad class-wide discovery, which is entirely premature. *See* Fed. R. Civ. P. 23(c)(1)(A), Adv.

5

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Comm. Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision"). Courts in this Circuit routinely deny such discovery at the pre-class certification stage. *See, e.g.*, *Owino v. Corecivic, Inc.*, 2019 WL 2867278, at *3 (S.D. Cal. July 3, 2019) (denying deposition "at this pre-certification juncture as not proportional to the needs of the case at this time"); *Ortolani v. Freedom Mtg. Corp.*, 2018 WL 324813, at *3 (C.D. Cal. Jan. 8. 2018) (denying discovery regarding putative class members because it was "not necessary or relevant to determining" class certification issues). Should the Court be inclined to set a discovery schedule now, it should limit it in accordance with Ring's proposed schedule to ensure the parties and Court have sufficient time to resolve the deficiencies in Mr. Andrews's claims before proceeding to Rule 23 discovery and related issues.

**C.     Discovery Plan** [FRCP 26(f)(3)(B)]

*Plaintiff's Position:* Plaintiff's proposed discovery schedule on issues of class certification and merits without bifurcation as follows.

(1) Fed. R. Civ. P. 26 Disclosures:  July 30, 2020

(2) E-Discovery conference: August 14, 2020.

(3) Service of initial written discovery: August 13, 2020. (Plaintiff delivered a First Set of Requests for Production of Documents on July 2, 2020, which were considered served on July 16, 2020 pursuant to Rule 26(d).)

(4) Maximum of 25 Interrogatories by each party to each other party.

(5) Maximum of 10 depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by November 27, 2020.

(7) Factual discovery to be completed by February 1, 2021.

(8) Plaintiff's expert report due on April 1, 2021.

(9) Defendant's expert report due on June 1, 2021.

6

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  (10) Expert depositions to be completed by August 31, 2021.

2  (11) Dispositive motions to be served on or before October 31, 2021.

*Defendant's Position:*  As explained above, if the Court does not conclude as a matter of law that Mr. Andrews assented to the arbitration agreement by purchasing and using Ring's products, the Court should allow Ring to take discovery on the issue of whether Andrews assented to arbitration by purchasing and using Ring's products or by creating an account through the Ring mobile application.  The Court should stay all other discovery pending resolution of Ring's Motion to Compel Arbitration and Stay Proceedings.

**D.   Method of Production/Preservation** [FRCP 26(f)(3)(C)]

*Plaintiff's Position:*  Plaintiff proposes that discoverable electronically stored information be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, subject to any exceptions mutually agreed upon by the parties that is compatible with the program known as Relativity.

Plaintiff proposes that electronically stored information (ESI) be produced utilizing meta data and search terms agreed to by the parties via an ESI conference to be conducted on or before August 14, 2020.  Plaintiff further proposes that the parties agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified.

*Defendant's Position:*  If this case proceeds in this forum, Ring proposes that discoverable electronically stored information be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, subject to any exceptions mutually agreed upon by the parties.

Ring proposes that electronically stored information (ESI) be produced via an electronic service, such as dropbox.com or an FTP.  Ring further propose that the parties agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified.

7

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### E. Privileged Matters [FRCP 26(f)(3)(D)]

*Parties' Position:* If this case proceeds in this forum, the Parties propose the following agreement regarding inadvertently produced privileged information:

The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information. Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

Defendant also anticipates that if the case proceeds in this forum, a stipulated protective order governing the production of confidential information may be necessary.

### F. Limitations on Discovery [FRCP 26(f)(3)(E)]

*Plaintiff's Position:* *See* Section II.B.

*Defendant's Position:* *See* Section II.B, C.

### G. Orders Pursuant to Rules 16(b), 16(c), or 26(c) [FRCP 26(f)(3)(F)]

*Parties' Position:* If this case proceeds in this forum, to the extent that sensitive, confidential, or proprietary business information and/or trade secrets are discoverable in this matter, the Parties agree that such material will be produced subject to the terms of a proposed protective order that may be submitted by the parties to this action.

### III. MATTERS DISCUSSED PURSUANT TO L.R. 26-1 AND FRCP 16(C)

### A. Complex Case [L.R. 26-1(a)]

*Parties' Position:* At this point, the Parties do not anticipate a need to utilize the Manual for Complex Litigation's procedures in this case.

8

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### B. Anticipated Motions

*Plaintiff's Position:* Plaintiff intends to file his motion for Class Certification by July 29, 2020 pursuant to the Court's April 28, 2020 Standing Order

*Defendant's Position:* Ring filed a Motion to Compel Arbitration and Stay Proceedings on June 17, 2020. Briefing on Ring's Motion to Compel Arbitration and Stay Proceedings is now complete. If the case proceeds in this forum, Ring anticipates opposing any class certification motion filed by Mr. Andrews. Ring may also file a motion to stay discovery and/or briefing on the class certification motion pending resolution of the Motion to Compel Arbitration.

### C. Settlement/ADR [L.R. 26-1(c); FRCP 16(c)(2)(I)]

*Plaintiff's Position:* Plaintiff is willing to proceed to mediation on a classwide basis.

*Defendant's Position:* If the case proceeded in this forum, Ring would be amenable to mediation at an appropriate time.

### D. Pre-Trial Deadlines and Trial Length [L.R. 26-1(d)]

*Plaintiff's Position:* Plaintiff anticipates trial of Plaintiff's claim on a classwide basis will take 4-5 days.

*Defendant's Position:* Defendant anticipates that trial of Plaintiff's individual claims will take 1 to 2 days.

### E. Amended Pleadings/Additional Parties [L.R. 26-1(e); FRCP 16(c)(2)(B)]

*Parties' Position:* Ring does not anticipate adding additional parties to this matter.

Mr. Andrews amended his complaint on May 20, 2020. If this case proceeds in this forum, Ring proposes that the Court impose a single deadline to amend the pleadings of no later than 90 days from the Joint Case Management Schedule.

9

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

F.  **Expert Witnesses** [L.R. 26-1(f)]

   *Plaintiff's Position:* Plaintiff intends to conduct expert discovery in accordance with any deadlines set by this Court.

   *Defendant's Position:* If this case proceeds in this forum, Ring intends to conduct expert discovery in accordance with any deadlines set by this Court.

G.  **Magistrate Judge** [FRCP 16(c)(2)(H)]

   The parties do not consent to have a United States magistrate judge conduct non-discovery related proceedings, including the handling of dispositive motions and trial, in this matter.

H.  **Service**

   The parties agree to serve all documents by email and to accept the service of all documents by email to the parties' attorneys of record or directly to parties representing themselves. Documents served electronically through the Court's ECF system need be re-served by email only on parties not registered with ECF service.

DATED: July 30, 2020

HATTIS & LUKACS
Daniel M. Hattis
Paul Karl Lukacs

DENITTIS OSEFCHEN PRINCE, P.C.
Stephen DeNittis
Shane T. Prince

By: */Daniel M. Hattis*
    Daniel M. Hattis

*Attorneys for Plaintiff James Andrews*

DATED: July 30, 2020

DAVIS WRIGHT TREMAINE LLP
Scott R. Commerson
James H. Moon
Arleen Fernandez

By: */s/ Scott R. Commerson*
    Scott R. Commerson

*Attorneys for Ring LLC*

10

JOINT RULE 26(f) REPORT
Case No. 5:20-cv-00889-RGK-SP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899